# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| **IN RE: PROFEMUR HIP IMPLANT PRODUCTS LIABILITY LITIGATION** | |
| **This Document Relates To:** | MDL No. 2949 |
| **All Cases** | Honorable Kristine G. Baker |

## CASE MANAGEMENT ORDER No. 1

**(General Matters)**

1. This Order sets forth the Court's initial instructions regarding the management of MDL Docket No. 2949 ("MDL No. 2949" or the "MDL Proceeding"). This Order applies to all cases previously or hereafter transferred to this MDL Proceeding, or those which are directly filed in this MDL Proceeding.

**(Scope of MDL)**

2. MDL No. 2949 is limited to only those claims which allege and demonstrate, through the initial census requirements set forth in this Order below, a revision surgery resulting from one of the following:

   a) the fracture of a titanium PROFEMUR® modular neck device (product code PHA0);

   b) the fracture of a cobalt chromium PROFEMUR® modular neck device (product code PHAC); or

   c) an adverse tissue reaction allegedly caused by corrosion of a cobalt chromium PROFEMUR® modular neck device (product code PHAC).

Any claim not alleging and demonstrating at least one of these three alleged failure mechanisms is not properly within MDL No. 2949 and will be dismissed or remanded upon a proper motion.

**(Master File and Docketing)**

3. The actions subject to this Order are coordinated for pretrial purposes. All pleadings and other papers in each of the coordinated actions shall be filed in the Eastern District of Arkansas as detailed below and not with the transferor court.

4. So that pleadings, orders, and other papers may be filed and served in an efficient and accessible manner as contemplated by the Manual for Complex Litigation, Fourth, §§ 11.12 and 11.211, an MDL Master File has been established under MDL Master Docket Number 4:20-md-2949 KGB. Each action transferred to this Court will also be assigned a new Eastern District of Arkansas Civil Action Number.

5. All pleadings, orders, and other papers applicable to all cases in the MDL Proceeding shall be filed electronically in the MDL Master File under MDL Master Docket Number 4:20-md-2949 KGB.

6. When a pleading or other filed paper relates to all consolidated actions, the following caption shall be used:

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| IN RE: PROFEMUR HIP IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) **This Document Relates To:** ) **All Cases** | MDL No. 2949 4:20-md-2949 KGB |

7. When a pleading or other filed paper relates to fewer than all actions, the following caption shall be used, and the filing should be made *only* in the applicable action and *not* MDL Master Docket Number 4:20-md-2949 KGB:

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| IN RE: PROFEMUR HIP IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL No. 2949 4:20-md-2949 KGB  **This Document Relates To:** **[the civil action numbers for each individual action to which the pleading or paper relates]** |

8. This Order shall be filed in the MDL Master File and docketed under the MDL Master Docket Number 4:20-md-2949 KGB as well as in each of the individual cases coordinated under the MDL Master Docket Number, at present and hereafter.

**(Suspending Deadlines & Staying Responsive Pleadings)**

9. In the interests of judicial economy, all deadlines established prior to transfer of each action to this MDL Proceeding are suspended, and all deadlines to file responsive pleadings and/or responses to motions filed in the transferor court are stayed pending further order of this Court. Similarly, all deadlines to file responsive motions and/or pleadings in any case directly filed in this MDL are stayed pending further order of this Court.

**(Appearances of Counsel)**

10. Counsel shall familiarize themselves with this District's Electronic Case Filing ("ECF") system's policies and procedures, and as set forth in the Court's September 9, 2020 Order Upon Transfer, all counsel shall register forthwith as an ECF User in this Court and be issued an ECF User ID and password. Forms and instructions are available on the Court's

website at www.ared.uscourts.gov.  All pleadings and papers shall be filed electronically using the Court's ECF system.  Service shall be made only through ECF.

       11.     All counsel appearing in this MDL Proceeding shall file a Notice of MDL Appearance in the MDL Master File, MDL Master Docket Number 4:20-md-2949 KGB.

       12.     Any attorney who appears in this matter in accordance with this Order shall be subject to and shall familiarize themselves with the Local Rules of this Court, including its attorney discipline rules.

       13.     Any attorney who appears in this MDL Proceeding and fails within 45 days from entry of appearance to register as an ECF User in this Court without good cause shown shall be removed as counsel of record in the case.  The Court shall issue a show-cause Order to which counsel must respond prior to removing as counsel of record in this case those attorneys who appear in this MDL Proceeding but fail within 45 days from entry of appearance to register as an ECF User in this Court.

**(Direct Filing)**

       14.     In order to eliminate delays associated with transfer to this Court of cases filed in or removed from other federal districts to this Court, and to promote judicial efficiency and economy, any plaintiff whose case would be subject to transfer to MDL No. 2949 may file his or her case directly in the MDL Proceeding in accordance with the procedures set forth in this Order.

             a)     **Filing Provisions.**  Any complaint filed directly in the MDL Proceeding must (1) comport with the Federal Rules of Civil Procedure and all MDL Orders in the MDL Proceeding; (2) specifically allege the district court in which the plaintiff, absent this Order, otherwise would have filed the case, (3) specifically allege both the jurisdictional and venue bases for filing in

4

that court, and (4) include a reference in the style of the complaint to the MDL Master File which has been established under MDL Master Docket Number 4:20-md-2949 KGB, while also leaving space in the style for this Court to assign a new Eastern District of Arkansas Civil Action Number. If any complaint fails to comply with these provisions, the plaintiff will have 30 days after notification by any defendant to file an amended complaint to cure the defect. A complaint or amended complaint that fails to comply with these provisions will be subject to dismissal without prejudice.

b) **Pretrial Proceedings Only; No *Lexecon* Waiver.** Each case filed directly in the MDL Proceeding by a plaintiff who resides in a federal district other than the Eastern District of Arkansas will be filed in the MDL Proceeding for the purpose of pretrial proceedings, consistent with the Panel's Transfer Order. Neither this Order nor compliance with its provisions shall constitute a waiver under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1988), by either party.

c) **No Waiver of Jurisdiction and Venue.** The inclusion of any action in the MDL Proceedings, whether transferred to or directly filed in the Eastern District of Arkansas, shall not constitute a determination by this Court, or a waiver or concession by any defendant, that jurisdiction or venue is proper in the Eastern District of Arkansas or any other court identified or alleged to have jurisdiction or venue should the matter be remanded or transferred. Defendants specifically do not waive, but rather

reserve all rights to challenge jurisdiction and/or venue upon remand or transfer to another court.

d) **Motion Practice.** In the interests of efficiency, state-specific and/or pleadings-based partial motions to dismiss will not be addressed in this MDL Proceeding. Instead, all such defenses that could be raised in an initial responsive motion are specifically preserved. If during the course of this MDL Proceeding, Defendants believe that filing a motion to dismiss in one or more cases may be warranted, they reserve the rights to raise this issue with the Court and seek leave to file such motion(s).

e) **Choice of Law.** The filing of a case directly in the MDL Proceeding does not impact the choice of law to be applied to the direct-filed case. Any choice of law principles will be decided as they arise.

f) **Motions for Remand.** Nothing in this Order shall prohibit a party from filing an appropriate motion to remand, or seeking such other appropriate relief, if the party believes in good faith that an action transferred to, or directly filed in, the MDL Proceeding does not meet the inclusion criteria of MDL No. 2949, as defined in Paragraph 2 above.

**(Initial Census Requirements)**

15. The term "Initial Census Form" will refer to the form attached hereto titled **Exhibit A**. For all cases filed in or transferred into the MDL Proceeding on or before the date of this Order, the "Census Form Deadline" is 30 days from the date of this Order. For all cases filed in or transferred into the MDL Proceeding after the date of this Order, the "Census Form Deadline" is 30 days from the date the case was filed in or transferred into the MDL Proceeding.

16.     Each plaintiff must complete and serve to Defendants' MDL Co-Lead Counsel a completed Initial Census Form, as well as all required documents, by the Census Form Deadline. It is the plaintiff's burden to provide the information required by the Initial Census Form, and failure to provide the requested material may result in remand. Each plaintiff's responses to the questions in the Initial Census Form will be made under penalty of perjury and will be subject to Federal Rules of Civil Procedure 26, 34, and 37. The Census Form Deadline may only be extended by: (i) the Court on a showing of good cause; or (ii) a written agreement between all parties to the individual action.

17.     The procedure to determine the adequacy of responses to the Initial Census Form is as follows. Any defendant may notify any plaintiff of any allegedly deficient response in the Initial Census Form. The defendant's notification must specify the alleged deficiency along with the basis for its position. Within 30 days of receiving a defendant's deficiency notification, the plaintiff must respond to the notification by either serving non-deficient responses or otherwise explaining in writing why the plaintiff disagrees that any response is deficient. The parties will then meet and confer regarding any remaining alleged deficiencies. To the extent disputes remain, the defendant may thereafter file an appropriate motion. If the Court grants a motion to compel with respect to a deficiency, a failure to provide non-deficient responses as ordered may be grounds for dismissal of an action.

**(Protective Order)**

18.     The Protective Order entered in this MDL Proceeding, at docket number 54, applies to all cases filed in or transferred into this MDL Proceeding.

**(Explant Preservation)**

19.     The Explant Preservation Agreement in this MDL Proceeding, at docket number 55, applies to all cases filed in or transferred into this MDL Proceeding.

IT IS SO ORDERED.

Dated: March 11, 2021

_____
Honorable Kristine G. Baker
U.S. District Court Judge

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| IN RE:  PROFEMUR HIP IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) | 4:20-md-2949 KGB ALL CASES |

**INITIAL CENSUS FORM**

<u>Instructions</u>: Please provide the following information for each individual on whose behalf a claim is being made relating to implantation of the PROFEMUR® cobalt chromium or PROFEMUR® titanium modular neck (the "Device").  Please provide all requested documents in a single production.

| I. CASE INFORMATION | | | |
|---|---|---|---|
| Caption: | | Plaintiff's Attorney & Contact Information: | |
| Docket No.: | | | |
| **II. PLAINTIFF PATIENT PERSONAL INFORMATION** | | | |
| Name: | | | |
| **III. DEVICE IDENTIFICATION** | | | |
| PROFEMUR Neck Device: | Titanium ☐  Cobalt Chromium ☐ | Stem Device: | Manufacturer: Product Name: |
| Side of Body: | Right  /  Left  /  Both   (circle one) (Complete one Exhibit A for each implantation surgery involving a Device) | Date(s) of Implantation(s): | |
| ***ATTACH THE FOLLOWING DOCUMENTATION:** 1. MEDICAL RECORDS WITH MANUFACTURER/PRODUCT STICKERS AND ANY OTHER RECORDS IDENTIFYING ALL DEVICES IMPLANTED DURING EACH INDEX SURGERY. 2. OPERATIVE REPORT FROM INDEX SURGERY. | | | |
| **IV. REVISION SURGERY & CLAIM TYPE INFORMATION** | | | |
| Date(s) of Revision Surgery: | | | |
| | | | |
| ***ATTACH THE FOLLOWING DOCUMENTATION:** 3. OPERATIVE REPORT FROM REVISION SURGERY. 4. DOCUMENTATION TO CONFIRM CLAIM TYPE:   <u>A. FOR CLAIMS ALLEGING REVISION OF A PROFEMUR COBALT CHROMIUM MODULAR NECK DUE TO CORROSION LEADING TO A TISSUE REACTION</u>: IF RECORDS ARE NEEDED BEYOND THE REVISION OPERATIVE REPORT TO DEMONSTRATE FAILURE DUE TO CORROSION,  SPECIFIC MEDICAL RECORDS DEMONSTRATING THE CLAIMED ADVERSE TISSUE REACTION DUE TO ALLEGED CORROSION OF THE COBALT CHROMIUM MODULAR NECK.  IF MORE THAN 10 PAGES ARE PRODUCED, PLEASE HIGHLIGHT OR OTHERWISE DESIGNATE THE SPECIFIC INFORMATION RELIED ON.   <u>B. FOR CLAIMS ALLEGING REVISION OF A PROFEMUR TITANIUM OR PROFEMUR COBALT CHROMIUM MODULAR NECK DUE TO FRACTURE</u>: X-RAYS OR PHOTOGRAPHS DEMONSTRATING THAT THE PROFEMUR | | | |

| *TITANIUM OR PROFEMUR COBALT CHROMIUM MODULAR NECK WAS FRACTURED.* |
|---|

This Initial Census Form is submitted by undersigned counsel, on behalf of the Plaintiff identified herein. By signing and submitting this form, undersigned counsel certifies his/her belief that this matter meets the inclusion criteria of this MDL as set forth in Case Management Order No. 1.

BY:_____    _____
Attorney for Plaintiff – [*INSERT PLAINTIFF NAME*]          Dated
[INSERT PLAINTIFF'S COUNSEL'S SIGNATURE BLOCK]